# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## CASE NO.

TRIPHENE LACROIX, and other
similarly situated employees,

     Plaintiff(s),

vs.

DOUBLE PARK LLC, a Florida
Limited Liability Company, PARADISE
PARKING SYSTEMS LLC, a Florida
Limited Liability Company, ANDREW
FALSETTO, individually, and DANIEL
RADRIZZANI, individually,

     Defendants.

_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant, Daniel Radrizzani, gives notice of removal of the above-entitled action, and all claims and causes of action therein, currently pending in the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court Action"). Mr. Radrizzani appears for the purposes of removal only, reserves all defenses and rights available to him, and as grounds for removal states as follows:

1.    Plaintiff, Triphene LaCroix, filed the above-entitled action on or about December 5, 2016, against the Defendants in the County Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, Case No. . Without conceding that service was properly executed, Mr. Radrizzani was served with the Complaint on January 12, 2017.

2.      Pursuant to 28 U.S.C. § 1446(d), Mr. Radrizzani will file a copy of this Notice of Removal with the Clerk of the County Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, and will provide a copy of this Notice of Removal to Plaintiff to properly effect removal of this action to this Court.

3.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Mr. Radrizzani in this action is attached as **Composite Exhibit "A**."

4.      Pursuant to 28 U.S.C. § 1446(b)(2)(A), all Defendants consent to removal.

## FEDERAL QUESTION JURISDICTION OF THIS COURT

5.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff alleges violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

WHEREFORE, Daniel Radrizzani respectfully requests, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, that this action be removed in its entirety from the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to this Court, that this Court proceed with the case as if it was originally initiated in this Court, and that this Court make and enter such further orders as may be necessary and proper.

Dated: February 10, 2017

Respectfully submitted,

/s/ John B. Rosenquest IV
John B. Rosenquest IV
 Fla. Bar No. 048431
ROSENQUEST LAW FIRM P.A.
 3225 Franklin Avenue, Suite C-101
 Coconut Grove, Florida 33133
 Tel:  305-607-5115
 Fax: 305-402-8183
 jrosenquest@rosenquestlawfirm.com

*Counsel for Defendants Double Park LLC,
Paradise Parking Systems LLC, Andrew
Falsetto, and Daniel Radrizzani*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Removal

was served to the following parties or their counsel this 10th day of February, 2017 by Federal

Express and email:

Anthony M. Georges-Pierre, Esq.
REMER & GEORGES_PIERRE, PLLC
44 W. Flagler Street, Suite 2200
Miami, Florida 33130
agp@rgpattorneys.com

*Counsel for Plaintiff*

/s/ John B. Rosenquest IV
John B. Rosenquest IV

**COMPOSITE EXHIBIT "A"**

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

**I.    CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

Case No.: _____
Judge: _____

<u>Triphene Lacroix</u>
 Plaintiff

        vs.

<u>Double Park, LLC., Paradise Parking Systems, LLC., Andrew Falsetto, Daniel Radrizzani</u>
Defendant

**II.    TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability – commercial
    - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure $0 - $50,000
    - ☐ Commercial foreclosure $50,001 - $249,999
    - ☐ Commercial foreclosure $250,000 or more
    - ☐ Homestead residential foreclosure $0 – 50,000
    - ☐ Homestead residential foreclosure $50,001 - $249,999
    - ☐ Homestead residential foreclosure $250,000 or more
    - ☐ Non-homestead residential foreclosure $0 - $50,000
    - ☐ Non-homestead residential foreclosure $50,001 - $249,999
    - ☐ Non-homestead residential foreclosure $250,00 or more

- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
    - ☐ Malpractice – business
    - ☐ Malpractice – medical
    - ☐ Malpractice – other professional
- ☒ Other
    - ☐ Antitrust/Trade Regulation
    - ☐ Business Transaction
    - ☒ Circuit Civil - Not Applicable
    - ☐ Constitutional challenge-statute or ordinance
    - ☐ Constitutional challenge-proposed amendment
    - ☐ Corporate Trusts
    - ☐ Discrimination-employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**III.    REMEDIES SOUGHT** (check all that apply):
     ☒  Monetary;
     ☒  Non-monetary
     ☒  Non-monetary declaratory or injunctive relief;
     ☒  Punitive

**IV.    NUMBER OF CAUSES OF ACTION: (     )**
(Specify)

4

**V.    IS THIS CASE A CLASS ACTION LAWSUIT?**
     ☐  Yes
     ☒  No

**VI.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
     ☒  No
     ☐  Yes – If "yes" list all related cases by name, case number and court:

**VII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
     ☒  Yes
     ☐  No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature s/ Anthony M Georges-Pierre          FL Bar No.: 533637
     Attorney or party                                                                   (Bar number, if attorney)

Anthony M Georges-Pierre      12/05/2016
     (Type or print name)                                            Date

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA.

Case No. 2016 - 030071 - CA -01

TRIPHENE LACROIX,
and other similarly situated employees

      Plaintiff(s),

vs.

DOUBLE PARK, LLC.,
a Florida Limited Liability Company,
PARADISE PARKING SYSTEMS, LLC.,
a Florida Limited Liability Company,
ANDREW FALSETTO, individually,
and DANIEL RADRIZZANI, individually,
      Defendants.

_____/

## SUMMONS IN A CIVIL CASE

TO:

    **DANIEL RADRIZZANI**
    1717 North Bayshore Drive
    Suite 250
    Miami, FL 33132-1195

J. C7 # 22D

1 - 12 - 17

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

10:45 am

    ANTHONY M. GEORGES-PIERRE, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET. STE. 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

12/13/2016

CLERK                          DATE

                  309876

(BY) DEPUTY CLERK



IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA.

Case No. 2016 - 030971 - CA - 01

TRIPHENE LACROIX,
and other similarly situated employees

      Plaintiff(s),

vs.

DOUBLE PARK, LLC.,
a Florida Limited Liability Company,
PARADISE PARKING SYSTEMS, LLC.,
a Florida Limited Liability Company,
ANDREW FALSETTO, individually,
and DANIEL RADRIZZANI, individually,
      Defendants.

_____/

## COMPLAINT

COMES NOW, the Plaintiff, TRIPHENE LACROIX ("Plaintiff"), on behalf of himself and

other current and former similarly situated non-exempt cook, by and through undersigned

counsel, hereby files this Complaint against DOUBLE PARK, LLC. a Florida Limited Liability

Company, PARADISE PARKING SYSTEMS, LLC., ANDREW FALSETTO, individually, and

DANIEL RADRIZZANI, Individually (Collectively "Defendants") and states as follows:

## GENERAL ALLEGATIONS

1.     This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys'

    fees or costs for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219

    ("FLSA").

2.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, resident of Miami-Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is covered employee for purposes of the FLSA.

4. Defendant, DOUBLE PARK, LLC., a Florida Profit Corporation, located in Miami-Dade County, Florida where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, PARADISE PARKING SYSTEMS, LLC., a Florida Profit Corporation, located in Miami-Dade County, Florida where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

6. Both corporate Defendants DOUBLE PARK, LLC. and PARADISE PARKING SYSTEMS, LLC, act directly or indirectly in the interest of each other in relation to the administration of employees, like Plaintiff and, as such, a commonality between the corporate Defendants exist.

7. Defendant ANDREW FALSETTO, is the owner of, and exercised operational control over the activities of Corporate Defendant DOUBLE PARK, LLC. and PARADISE PARKING SYSTEMS, LLC.

8. Defendant DANIEL RADRIZZANI, is the owner of, and exercised operational control over the activities of Corporate Defendant DOUBLE PARK, LLC. and PARADISE PARKING SYSTEMS, LLC.

9. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due in Miami-Dade County.

10. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

11. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. Plaintiff performed work for Defendants as a non-exempt employee from on or about July 2012, through on or about November 28, 2016.

13. Plaintiff did not receive payment for all hours worked.

14. Throughout Plaintiff' employment, Plaintiff worked in excess of forty (40) hours per week.

15. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) each week, as proscribed by the laws of the United States and the State of Florida.

16. Plaintiff, during relevant time period, from on or about July 2012, through on or about November 28, 2016, worked approximately forty (40) overtime hours each week for which Plaintiff was not paid 1.5 times his regular rate as provided by the FLSA.

## COUNT I
### *Wage & Hour Federal Statutory Violation against*
### *DOUBLE PARK, LLC.*

17. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 16 of this complaint as if set out in full herein.

18. This action is brought by Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*

19. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

20. At all times pertinent to this Complaint, corporate Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

21. Upon information and belief, at all times material hereto, corporate Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that corporate Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

22. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).

Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

23. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

24. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

25. To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g., Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT I**
*Wage & Hour Federal Statutory Violation against*
*PARADISE PARKING SYSTEMS, LLC.*

26. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 16 of this complaint as if set out in full herein.

27. This action is brought by Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*.

28. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

29. At all times pertinent to this Complaint, corporate Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

30. Upon information and belief, at all times material hereto, corporate Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise

with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that corporate Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

31. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

32. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

33. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

34. To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g., Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the

governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

F. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

G. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

H. Award Plaintiff an equal amount in double damages/liquidated damages;

I. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

J. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT III
### *Wage & Hour Federal Statutory Violation against*
### *ANDREW FALSETTO,*

28. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 16 of this complaint as if set out in full herein.

29. At the times mentioned, Defendant was, and is now, the Owner of corporate Defendant, DOUBLE PARK, LLC. and PARADISE PARKING SYSTEMS, LLC.

30. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

31.  Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

32.  Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A.    Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B.  Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

    C.  Award Plaintiff an equal amount in double damages/liquidated damages;

    D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT IV**
***Wage & Hour Federal Statutory Violation against***
***DANIEL RADRIZZANI,***

34.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 16 of this complaint as if set out in full herein.

35.  At the times mentioned, Defendant was, and is now, the Owner of corporate Defendant, DOUBLE PARK, LLC. and PARADISE PARKING SYSTEMS, LLC.

36.  Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair

Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

37. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

38. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

F. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

G. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

H. Award Plaintiff an equal amount in double damages/liquidated damages;

I. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

J. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: ___12/5/16___

Respectfully submitted,

_____
Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsimile: 305-416-5005
agp@rgpattorneys.com
apetisco@rgpattorneys.com
rregueiro@rgpattorneys.com
pn@rgpattorneys.com

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA.

Case No. 2016-030971-CA-01

TRIPHENE LACROIX,
and other similarly situated employees

      Plaintiff(s),

vs.

DOUBLE PARK, LLC.,
a Florida Limited Liability Company,
PARADISE PARKING SYSTEMS, LLC.,
a Florida Limited Liability Company,
ANDREW FALSETTO, individually,
and DANIEL RADRIZZANI, individually,
      Defendants.

_____/

## SUMMONS IN A CIVIL CASE

TO:              **ANDREW FALSETTO**
              1717 North Bayshore Drive
              Suite 250
              Miami, FL 33132-1195

J.G  # 2219
1-12-17 10:45am

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

              ANTHONY M. GEORGES-PIERRE, ESQ.
              REMER & GEORGES-PIERRE, PLLC.
              44 WEST FLAGLER STREET, STE. 2200
              MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

                            12/13/2016

CLERK        Anahita Deen 309876        DATE

(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA.

Case No. 2016 - 030971 - CA - 01

TRIPHENE LACROIX,
and other similarly situated employees

        Plaintiff(s),

vs.

DOUBLE PARK, LLC.,
a Florida Limited Liability Company,
PARADISE PARKING SYSTEMS, LLC.,
a Florida Limited Liability Company,
ANDREW FALSETTO, individually,
and DANIEL RADRIZZANI, individually,
        Defendants.

_____/

## COMPLAINT

COMES NOW, the Plaintiff, TRIPHENE LACROIX ("Plaintiff"), on behalf of himself and other current and former similarly situated non-exempt cook, by and through undersigned counsel, hereby files this Complaint against DOUBLE PARK, LLC. a Florida Limited Liability Company, PARADISE PARKING SYSTEMS, LLC., ANDREW FALSETTO, individually, and DANIEL RADRIZZANI, Individually (Collectively "Defendants") and states as follows:

### GENERAL ALLEGATIONS

1.     This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, resident of Miami-Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is covered employee for purposes of the FLSA.

4. Defendant, DOUBLE PARK, LLC., a Florida Profit Corporation, located in Miami-Dade County, Florida where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, PARADISE PARKING SYSTEMS, LLC., a Florida Profit Corporation, located in Miami-Dade County, Florida where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

6. Both corporate Defendants DOUBLE PARK, LLC. and PARADISE PARKING SYSTEMS, LLC, act directly or indirectly in the interest of each other in relation to the administration of employees, like Plaintiff and, as such, a commonality between the corporate Defendants exist.

7. Defendant ANDREW FALSETTO, is the owner of, and exercised operational control over the activities of Corporate Defendant DOUBLE PARK, LLC. and PARADISE PARKING SYSTEMS, LLC.

8. Defendant DANIEL RADRIZZANI, is the owner of, and exercised operational control over the activities of Corporate Defendant DOUBLE PARK, LLC. and PARADISE PARKING SYSTEMS, LLC.

9. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due in Miami-Dade County.

10. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

11. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. Plaintiff performed work for Defendants as a non-exempt employee from on or about July 2012, through on or about November 28, 2016.

13. Plaintiff did not receive payment for all hours worked.

14. Throughout Plaintiff' employment, Plaintiff worked in excess of forty (40) hours per week.

15. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) each week, as proscribed by the laws of the United States and the State of Florida.

16. Plaintiff, during relevant time period, from on or about July 2012, through on or about November 28, 2016, worked approximately forty (40) overtime hours each week for which Plaintiff was not paid 1.5 times his regular rate as provided by the FLSA.

### COUNT I
*Wage & Hour Federal Statutory Violation against*
*DOUBLE PARK, LLC.*

17. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 16 of this complaint as if set out in full herein.

18. This action is brought by Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*

19. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

20. At all times pertinent to this Complaint, corporate Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

21. Upon information and belief, at all times material hereto, corporate Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that corporate Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

22. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).

Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

23. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

24. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

25. To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g., Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT I
### *Wage & Hour Federal Statutory Violation against*
### *PARADISE PARKING SYSTEMS, LLC.*

26. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 16 of this complaint as if set out in full herein.

27. This action is brought by Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*

28. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

29. At all times pertinent to this Complaint, corporate Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

30. Upon information and belief, at all times material hereto, corporate Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise

with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that corporate Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

31. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

32. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

33. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

34. To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g., Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the

governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    F.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    G.  Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

    H.  Award Plaintiff an equal amount in double damages/liquidated damages;

    I.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    J.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Wage & Hour Federal Statutory Violation against*
### *ANDREW FALSETTO,*

28.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 16 of this complaint as if set out in full herein.

29.    At the times mentioned, Defendant was, and is now, the Owner of corporate Defendant, DOUBLE PARK, LLC. and PARADISE PARKING SYSTEMS, LLC.

30.    Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

31. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

32. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   A.    Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

   C. Award Plaintiff an equal amount in double damages/liquidated damages;

   D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT IV**
***Wage & Hour Federal Statutory Violation against***
***DANIEL RADRIZZANI,***

34. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 16 of this complaint as if set out in full herein.

35. At the times mentioned, Defendant was, and is now, the Owner of corporate Defendant, DOUBLE PARK, LLC. and PARADISE PARKING SYSTEMS, LLC.

36. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair

Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

37.    Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

38.    Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    F.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    G.  Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

    H.  Award Plaintiff an equal amount in double damages/liquidated damages;

    I.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    J.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: ___12/5/16___

Respectfully submitted,

Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone:  305-416-5000
Facsimile: 305-416-5005
agp@rgpattorneys.com
apetisco@rgpattorneys.com
rregueiro@rgpattorneys.com
pn@rgpattorneys.com

# RETURN OF SERVICE

**State of FLORIDA**          **County of DADE**          **Circuit Court**

Case Number: 2016-030971-CA-01

Plaintiff:
**TRIPHENE LACROIX,**

vs.

Defendant:
**DOUBLE PARK, LLC.,PARADISE PARKING SYSTEMS, LLC, ET AL.,**

For:
Anthony M. Georges-Pierre
REMER & GEORGES-PIERRE, PLLC
44 W. Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 21st day of December, 2016 at 8:35 am to be served on **DOUBLE PARK, LLC REGISTERED AGENT: BERNARD SIEGEL, 1717 NORTH BAYSHORE DR, SUITE 250, MIAMI, FL 33132**

I, JOSE A. GARCELL, do hereby affirm that on the **22nd day of December, 2016** at **10:00 am, I:**

**CORPORATE:** served by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **Yahaira Ramos** as **Receptionist** for **DOUBLE PARK, LLC REGISTERED AGENT: BERNARD SIEGEL**, at the address of: **1717 NORTH BAYSHORE DR, SUITE 250, MIAMI, FL 33132**, and informed said person of the contents therein, in compliance with state statutes.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

**JOSE A. GARCELL**
CPS # 2219

**OJF SERVICES, INC.**
**13727 S.W. 152nd Street**
**P.M.B. 354**
**Miami, FL 33177**
**(786) 293-5750**
Our Job Serial Number: OJF-2016017893

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n



$\int 6$

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA.

Case No. 2016-030971-CA-01

TRIPHENE LACROIX,
and other similarly situated employees

        Plaintiff(s),

vs.

DOUBLE PARK, LLC.,
a Florida Limited Liability Company,
PARADISE PARKING SYSTEMS, LLC.,
a Florida Limited Liability Company,
ANDREW FALSETTO, individually,
and DANIEL RADRIZZANI, individually,
        Defendants.

12/22/16
10:00am
JG
#2219

SUMMONS IN A CIVIL CASE

TO:

DOUBLE PARK, LLC.
through its Registered Agent:
Bernard Siegel
1717 North Bayshore Drive, Suite 250
Miami, FL 33132-1195

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET. STE. 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.
        12/13/2016

CLERK                       DATE
                 309876

(BY) DEPUTY CLERK

17893

# RETURN OF SERVICE

**State of FLORIDA**                    **County of DADE**                    **Circuit Court**

Case Number: 2016-030971-CA-01

Plaintiff:
**TRIPHENE LACROIX,**

vs.

Defendant:
**DOUBLE PARK, LLC.,PARADISE PARKING SYSTEMS, LLC, ET AL.,**

For:
Anthony M. Georges-Pierre
REMER & GEORGES-PIERRE, PLLC
44 W. Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 21st day of December, 2016 at 8:35 am to be served on **DOUBLE PARK, LLC REGISTERED AGENT: BERNARD SIEGEL, 1717 NORTH BAYSHORE DR, SUITE 250, MIAMI, FL 33132**

I, JOSE A. GARCELL, do hereby affirm that on the **22nd day of December, 2016** at **10:00 am, I:**

**CORPORATE:** served by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **Yahaira Ramos** as **Receptionist** for **DOUBLE PARK, LLC REGISTERED AGENT: BERNARD SIEGEL,** at the address of: **1717 NORTH BAYSHORE DR, SUITE 250, MIAMI, FL 33132,** and informed said person of the contents therein, in compliance with state statutes.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

**JOSE A. GARCELL**
CPS # 2219

**OJF SERVICES, INC.**
**13727 S.W. 152nd Street**
**P.M.B. 354**
**Miami, FL 33177**
**(786) 293-5750**
Our Job Serial Number: OJF-2016017893

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

J6

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA.

Case No. 2016-030971-CA-01

TRIPHENE LACROIX,
and other similarly situated employees

      Plaintiff(s),

vs.

DOUBLE PARK, LLC.,
a Florida Limited Liability Company,
PARADISE PARKING SYSTEMS, LLC.,
a Florida Limited Liability Company,
ANDREW FALSETTO, individually,
and DANIEL RADRIZZANI, individually,
      Defendants.

12/22/16
10:00a
JG
#2219

## SUMMONS IN A CIVIL CASE

TO:

DOUBLE PARK, LLC.
through its Registered Agent:
Bernard Siegel
1717 North Bayshore Drive, Suite 250
Miami, FL 33132-1195

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET. STE. 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be
taken against you for the relief demanded in the complaint. You must also file your answer with the
Clerk of this Court within a reasonable period of time after service.
      12/13/2016

CLERK                         DATE

               309876

(BY) DEPUTY CLERK

17993

# RETURN OF SERVICE

**State of FLORIDA**   **County of DADE**   **Circuit Court**

Case Number: 2016-030971-CA-01

Plaintiff:
**TRIPHENE LACROIX,**

vs.

Defendant:
**DOUBLE PARK, LLC.,PARADISE PARKING SYSTEMS, LLC, ET AL.,**

For:
Anthony M. Georges-Pierre
REMER & GEORGES-PIERRE, PLLC
44 W. Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 21st day of December, 2016 at 8:35 am to be served on **PARADISE PARKING SYSTEMS, LLC REGISTERED AGENT: BERNARD SIEGEL, 1717 NORTH BAYSHORE DR, SUITE 250, MIAMI, FL 33132.**

I, JOSE A. GARCELL, do hereby affirm that on the **22nd day of December, 2016 at 10:00 am, I:**

**CORPORATE:** served by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **Yahaira Ramos PARADISE PARKING SYSTEMS, LLC as Receptionist** for **PARADISE PARKING SYSTEMS, LLC REGISTERED AGENT: BERNARD SIEGEL,** at the address of: **1717 NORTH BAYSHORE DR, SUITE 250, MIAMI, FL 33132,** and informed said person of the contents therein, in compliance with state statutes.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

JOSE A. GARCELL
CPS # 2219

OJF SERVICES, INC.
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750
Our Job Serial Number: OJF-2016017894

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

J6

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA.

Case No. 2016- 030971 -CA- 01

TRIPHENE LACROIX,
and other similarly situated employees

     Plaintiff(s),

vs.

12/22/16
10:00a
JG
H 2219

DOUBLE PARK, LLC.,
a Florida Limited Liability Company,
PARADISE PARKING SYSTEMS, LLC.,
a Florida Limited Liability Company,
ANDREW FALSETTO, individually,
and DANIEL RADRIZZANI, individually,
    Defendants.

_____/

## SUMMONS IN A CIVIL CASE

TO:            PARADISE PARKING SYSTEMS, LLC.
           through its Registered Agent:
           **Bernard Siegel**
           1717 North Bayshore Drive, Suite 250
           Miami, FL 33132-1195.

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

           ANTHONY M. GEORGES-PIERRE, ESQ.
           REMER & GEORGES-PIERRE, PLLC.
           44 WEST FLAGLER STREET. STE. 2200
           MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be
taken against you for the relief demanded in the complaint. You must also file your answer with the
Clerk of this Court within a reasonable period of time after service.

                        12/13/2016

| CLERK | 309878 | DATE |
|---|---|---|



(BY) DEPUTY CLER

17894

Filing # 51179762 E-Filed 01/13/2017 04:06:15 PM

RETURN OF SERVICE

**State of FLORIDA**          **County of DADE**                    **Circuit Court**

Case Number: 2016-030971-CA-01

Plaintiff:
**TRIPHENE LACROIX,**

vs.

Defendant:
**DOUBLE PARK, LLC.,PARADISE PARKING SYSTEMS, LLC, ET AL.,**

For:
Anthony M. Georges-Pierre
REMER & GEORGES-PIERRE, PLLC
44 W. Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 21st day of December, 2016 at 8:35 am to be served on **DANIEL RADRIZZANI, 1717 NORTH BAYSHORE DR, SUITE 250, MIAMI, FL 33132.**

I, JOSE A. GARCELL, do hereby affirm that on the **12th day of January, 2017** at **10:45 am, I:**

**INDIVIDUAL/PERSONAL:** served by delivering a true copy of the **SUMMONS AND COMPLAINT** to: **DANIEL RADRIZZANI** at the address of: **1717 NORTH BAYSHORE DR, SUITE 250, MIAMI, FL 33132** with the date and hour of service endorsed thereon by me, and informed said person of the contents therein, in compliance with state statutes.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of America.

**Marital Status:** Based upon inquiry of party served, Defendant is not married.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

**JOSE A. GARCELL**
CPS # 2219

**OJF SERVICES, INC.**
**13727 S.W. 152nd Street**
**P.M.B. 354**
**Miami, FL 33177**
**(786) 293-5750**
Our Job Serial Number: OJF-2016017897

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

Filing # 49800957 E-Filed 12/08/2016 02:18:02 PM

J6

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA.

Case No. 2016-030071 - CA-01

TRIPHENE LACROIX,
and other similarly situated employees

     Plaintiff(s),

vs.

DOUBLE PARK, LLC.,
a Florida Limited Liability Company,
PARADISE PARKING SYSTEMS, LLC.,
a Florida Limited Liability Company,
ANDREW FALSETTO, individually,
and DANIEL RADRIZZANI, individually,
     Defendants.

_____/

### SUMMONS IN A CIVIL CASE

TO:             **DANIEL RADRIZZANI**
             1717 North Bayshore Drive
             Suite 250
             Miami, FL 33132-1195

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

             ANTHONY M. GEORGES-PIERRE, ESQ.
             REMER & GEORGES-PIERRE, PLLC.
             44 WEST FLAGLER STREET. STE. 2200
             MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

                           12/13/2016
CLERK                         DATE
          309878

(BY) DEPUTY CLERK





RETURN OF SERVICE

| State of FLORIDA | County of DADE | Circuit Court |

Case Number: 2016-030971-CA-01

Plaintiff:
**TRIPHENE LACROIX,**

vs.

Defendant:
**DOUBLE PARK, LLC.,PARADISE PARKING SYSTEMS, LLC, ET AL.,**

For:
Anthony M. Georges-Pierre
REMER & GEORGES-PIERRE, PLLC
44 W. Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 21st day of December, 2016 at 8:35 am to be served on **ANDREW FALSETTO, 1717 NORTH BAYSHORE DR, SUITE 250, MIAMI, FL 33132.**

I, JOSE A. GARCELL, do hereby affirm that on the **12th day of January, 2017** at **10:45 am, I:**

**INDIVIDUAL/PERSONAL:** served by delivering a true copy of the **SUMMONS AND COMPLAINT** to: ANDREW FALSETTO at the address of: **1717 NORTH BAYSHORE DR, SUITE 250, MIAMI, FL 33132** with the date and hour of service endorsed thereon by me, and informed said person of the contents therein, in compliance with state statutes.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of America.

**Marital Status:** Based upon inquiry of party served, Defendant is not married.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

**JOSE A. GARCELL**
CPS # 2219

**OJF SERVICES, INC.**
**13727 S.W. 152nd Street**
**P.M.B. 354**
**Miami, FL 33177**
**(786) 293-5750**
Our Job Serial Number: OJF-2016017895

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

J6

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA.

Case No. 2010-030071-CA-01

TRIPHENE LACROIX,
and other similarly situated employees

      Plaintiff(s),

vs.

DOUBLE PARK, LLC.,
a Florida Limited Liability Company,
PARADISE PARKING SYSTEMS, LLC.,
a Florida Limited Liability Company,
ANDREW FALSETTO, individually,
and DANIEL RADRIZZANI, individually,
      Defendants.

_____/

## SUMMONS IN A CIVIL CASE

TO:             **ANDREW FALSETTO**
             1717 North Bayshore Drive
             Suite 250
             Miami, FL 33132-1195

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

             ANTHONY M. GEORGES-PIERRE, ESQ.
             REMER & GEORGES-PIERRE, PLLC.
             44 WEST FLAGLER STREET. STE. 2200
             MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

                                 12/13/2016

CLERK                             DATE

            _____ _____ 309876



(BY) DEPUTY CLERK

17895

RETURN OF SERVICE

**State of FLORIDA**          **County of DADE**          **Circuit Court**

Case Number: 2016-030971-CA-01

Plaintiff:
**TRIPHENE LACROIX,**

vs.

Defendant:
**DOUBLE PARK, LLC.,PARADISE PARKING SYSTEMS, LLC, ET AL.,**

For:
Anthony M. Georges-Pierre
REMER & GEORGES-PIERRE, PLLC
44 W. Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 21st day of December, 2016 at 8:35 am to be served on **ANDREW FALSETTO, 1717 NORTH BAYSHORE DR, SUITE 250, MIAMI, FL 33132.**

I, JOSE A. GARCELL, do hereby affirm that on the **12th day of January, 2017** at **10:45 am, I:**

**INDIVIDUAL/PERSONAL:** served by delivering a true copy of the **SUMMONS AND COMPLAINT** to: **ANDREW FALSETTO** at the address of: **1717 NORTH BAYSHORE DR, SUITE 250, MIAMI, FL 33132** with the date and hour of service endorsed thereon by me, and informed said person of the contents therein, in compliance with state statutes.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of America.

**Marital Status:** Based upon inquiry of party served, Defendant is not married.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

JOSE A. GARCELL
CPS # 2219

OJF SERVICES, INC.
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750
Our Job Serial Number: OJF-2016017895

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

J6

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA.

Case No. 2016-030071-CA-01

TRIPHENE LACROIX,
and other similarly situated employees

      Plaintiff(s),

vs.

DOUBLE PARK, LLC.,
a Florida Limited Liability Company,
PARADISE PARKING SYSTEMS, LLC.,
a Florida Limited Liability Company,
ANDREW FALSETTO, individually,
and DANIEL RADRIZZANI, individually,
      Defendants.

1/12/17
10:45a-
JG
2219

_____/

### SUMMONS IN A CIVIL CASE

TO:        **ANDREW FALSETTO**
1717 North Bayshore Drive
Suite 250
Miami, FL 33132-1195

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET. STE. 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.
12/13/2016

CLERK                   DATE
                 309876

_____
(BY) DEPUTY CLERK



17895

RETURN OF SERVICE

**State of FLORIDA**          **County of DADE**          **Circuit Court**

Case Number: 2016-030971-CA-01

Plaintiff:
**TRIPHENE LACROIX,**

vs.

Defendant:
**DOUBLE PARK, LLC.,PARADISE PARKING SYSTEMS, LLC, ET AL.,**

For:
Anthony M. Georges-Pierre
REMER & GEORGES-PIERRE, PLLC
44 W. Flagler Street
Ste 2200
Miami, FL  33130

Received by OJF SERVICES, INC. on the 21st day of December, 2016 at 8:35 am to be served on **DANIEL RADRIZZANI, 1717 NORTH BAYSHORE DR, SUITE 250, MIAMI, FL 33132.**

I, JOSE A. GARCELL, do hereby affirm that on the **12th day of January, 2017** at **10:45 am,** I:

**INDIVIDUAL/PERSONAL:**  served by delivering a true copy of the **SUMMONS AND COMPLAINT** to: **DANIEL RADRIZZANI** at the address of: **1717 NORTH BAYSHORE DR, SUITE 250, MIAMI, FL 33132** with the date and hour of service endorsed thereon by me, and informed said person of the contents therein, in compliance with state statutes.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of America.

**Marital Status:** Based upon inquiry of party served, Defendant is not married.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

**JOSE A. GARCELL**
CPS # 2219

**OJF SERVICES, INC.**
**13727 S.W. 152nd Street**
**P.M.B. 354**
**Miami, FL 33177**
**(786) 293-5750**
Our Job Serial Number: OJF-2016017897

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

J6

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA.

Case No. 2016 – 030071 – CA -01

TRIPHENE LACROIX,
and other similarly situated employees

    Plaintiff(s),

vs.

DOUBLE PARK, LLC.,
a Florida Limited Liability Company,
PARADISE PARKING SYSTEMS, LLC.,
a Florida Limited Liability Company,
ANDREW FALSETTO, individually,
and DANIEL RADRIZZANI, individually,
    Defendants.

1/12/17
10:45a
J6
2019

## SUMMONS IN A CIVIL CASE

TO:          **DANIEL RADRIZZANI**
          1717 North Bayshore Drive
          Suite 250
          Miami, FL 33132-1195

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

          ANTHONY M. GEORGES-PIERRE, ESQ.
          REMER & GEORGES-PIERRE, PLLC.
          44 WEST FLAGLER STREET, STE. 2200
          MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

                       12/13/2016

CLERK                       DATE
                    309676

(BY) DEPUTY CLERK



17897

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2016-030971-CA-01

TRIPHENE LACROIX,
and other similarly situated employees,

     Plaintiff,

v.

DOUBLE PARK LLC, a Florida Limited
Liability Company, PARADISE PARKING
SYSTEMS LLC, a Florida Limited Liability
Company, ANDREW FALSETTO, individually,
and DANIEL RADRIZZANI, individually,

     Defendants.

_____/

## NOTICE OF APPEARANCE

PLEASE TAKE NOTICE that John B. Rosenquest IV of Rosenquest Law Firm P.A. hereby appears as counsel of record for Defendants, Double Park LLC, Paradise Parking Systems LLC, Andrew Falsetto, and Daniel Radrizzani, in the above-captioned matter. Pursuant to Florida Rule of Judicial Procedure 2.516(b)(1), the undersigned designates his primary email address as the following:

*jrosenquest@rosenquestlawfirm.com*

Please address all notices, pleadings, motions and other communications that are filed or

served in this matter to the undersigned at the address below.

Dated: February 1, 2017

Respectfully submitted,

/s/ John B. Rosenquest IV
John B. Rosenquest IV
Florida Bar No. 048431
ROSENQUEST LAW FIRM P.A.
3225 Franklin Avenue, Suite C-101
Coconut Grove, Florida 33133
Tel: 305-607-5115
Fax: 305-402-8183
jrosenquest@rosenquestlawfirm.com

*Counsel for Defendants Double Park LLC,*
*Paradise Parking Systems LLC, Andrew*
*Falsetto, and Daniel Radrizzani*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Appearance was served to the following parties or their counsel this 1st day of February, 2017 by e-service through Florida e-filing:

Anthony M. Georges-Pierre, Esq.
REMER & GEORGES_PIERRE, PLLC
44 W. Flagler Street, Suite 2200
Miami, Florida 33130

*Counsel for Plaintiff*

/s/ John B. Rosenquest IV
John B. Rosenquest IV

2

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.:  2016-030971-CA-01

TRIPHENE LACROIX,
and other similarly situated employees,

     Plaintiff,

v.

DOUBLE PARK LLC, a Florida Limited
Liability Company, PARADISE PARKING
SYSTEMS LLC, a Florida Limited Liability
Company, ANDREW FALSETTO, individually,
and DANIEL RADRIZZANI, individually,

     Defendants.

_____/

## DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO  RESPOND TO COMPLAINT

Defendants, Double Park LLC, Paradise Parking Systems LLC, Andrew Falsetto, and Daniel Radrizzani (collectively, "Defendants"), move for a brief, two-week enlargement of time to respond to the Complaint served upon them by Plaintiff, Triphene La Croix ("Plaintiff"), and in support, state as follows:

1.     On January 12, 2016, the Defendants served their Complaint upon the Defendants.

2.     Accordingly, Defendants' responses to the Complaint are due on or before February 1, 2017.

3.     Defendants only just retained undersigned counsel to represent them in this matter.  The undersigned has not had an opportunity to conduct the investigation necessary for him to provide adequate legal counsel to Defendants with respect to their responses to the Complaint.

4.    Due to the nature of this case, the complexity of the issues, and the ongoing investigation which needs to be completed to formulate proper responses, the Defendants respectfully request an additional fourteen (14) days within which to respond to the Complaint.

5.    Defendants have not previously sought an extension of time to respond to the Complaint in this case.

6.    This Motion is brought in good faith, is not sought for any dilatory purpose, and neither the parties nor the administration of justice will be prejudiced by the Court's granting of this Motion.

7.    The undersigned certifies that counsel for Defendants attempted to contact Plaintiff's counsel by telephone to see if this motion would be contested, but was informed by his office that Plaintiff's counsel was not available to speak at that time.

WHEREFORE, Defendants respectfully request that this Court grant them an enlargement of time, through and including February 15, 2017, to serve responses to the Complaint, and for such other relief as the Court deems appropriate.

Dated: February 1, 2017

Respectfully submitted,

/s/ John B. Rosenquest IV
John B. Rosenquest IV
 Fla. Bar No. 048431
ROSENQUEST LAW FIRM P.A.
 3225 Franklin Avenue, Suite C-101
 Coconut Grove, Florida 33133
 Tel:  305-607-5115
 Fax: 305-402-8183
 jrosenquest@rosenquestlawfirm.com

*Counsel for Defendants Double Park LLC,*
*Paradise Parking Systems LLC, Andrew*
*Falsetto, and Daniel Radrizzani*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion for Enlargement of Time to Respond to Complaint was served to the following parties or their counsel this 1st day of February, 2017 by e-service through Florida e-filing:

Anthony M. Georges-Pierre, Esq.
REMER & GEORGES_PIERRE, PLLC
44 W. Flagler Street, Suite 2200
Miami, Florida 33130

*Counsel for Plaintiff*

/s/ John B. Rosenquest IV_____
John B. Rosenquest IV